346 So.2d 886 (1977)
Jeannette POWE et al.
v.
CITY OF NEW ORLEANS.
No. 8273.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
Rehearing Denied June 7, 1977.
*887 Orlando G. Bendana, New Orleans, for plaintiff-appellant.
Philip S. Brooks, Thomas P. Anzelmo, Sr., Jackson P. McNeely, New Orleans, for defendant-appellee.
Before LEMMON, STOULIG and BEER, JJ.
BEER, Judge.
Jeannette Powe, individually and as natural tutrix of the minor children, Caroline Elizabeth Barnes and John Christopher Barnes, was awarded judgment against the City of New Orleans (hereafter, "the City") for workmen's compensation benefits as a result of the death of her husband and the children's father, John C. Barnes. We affirmed (La.App., 322 So.2d 821), and the Supreme Court refused writs (La., 325 So.2d 584) on January 30, 1976. On March 31, 1976, Mrs. Powe filed a petition to accelerate payments and to collect payments in arrears under the provisions of LSA-R.S. 23:1333. Under the provisions of LSA-R.S. 22:658, she sought penalties and attorneys' fees, alleging arbitrary, capricious and unreasonable delay, on the City's part, in satisfying the judgment.
Trial took place on June 18, 1976. The City called Philip S. Brooks, City Attorney, who testified that shortly after judgment became final (early February, 1976), he contacted plaintiff's attorney who indicated interest in a discounted lump sum settlement but found mathematical inaccuracies in the proposed estimates. Thereafter, plaintiff's attorney lost interest in the discounted lump sum settlement and insisted on payment in accordance with the judgment. Brooks confirmed this by letter dated March 23, 1976. On cross-examination, Brooks acknowledged that government bureaucracy had caused a brief delay in starting payments after settlement negotiations had broken down but noted:
"There was no intention, or no orders were ever given, nothing was ever said to delay those checks, because we understand that workmen's compensation should be paid out and paid out as rapidly as possible."
*888 Leroy Aucoin, an employee in the Administrative Office, testified that the workmen's compensation department money by fiscal quarters. For the appropriates money by fiscal quarters. For the quarter ending March 31, 1976, there was an inadequate amount in the account to pay the judgment, but, on April 1, funds became available and the judgment was placed in line for payment.
Josette Gaspard, an employee of the City Planning Commission, testified that the initial payment voucher was incomplete but that a memo from the Accounting Department cleared the matter and, thereafter, all subsequent payments were punctual. Significantly, this was the first workmen's compensation claim processed by the City Planning Commission.
Wayne DeLarge, employed in the Finance Department's Bureau of Accounting, explained that before a voucher can be issued, a form must be obtained from the Civil Service Department (signed by the claimant) denoting that the employee involved has been transferred from the city payroll to workmen's compensation status. He indicates that, in this case, he contacted the City Attorney's Office, who then sent a memo which was used in lieu of the Civil Service form in this particular case. Now the payment is set up on the computer, and he anticipates no further problems.
The record indicates that on April 7, 1976, two checks were drawn and made payable to Mrs. Poweone in her capacity as tutrix and the other as the widow of John Barnes. They were mailed to her attorney on that date. On April 8, her attorney received the checks.
The record is clear: approximately two months after the judgment became final, the City brought all pastdue payments up to date and, thereafter, has continuously made all payments on time. Although one cause for the delay was the bureaucratic mechanism for fund appropriation, the testimony preponderates in favor of a finding that the City demonstrated a good faith intention to satisfy the judgment and no willful refusal to pay. Furthermore, there was a period of good faith negotiation between able counsel for both litigants which commenced early in February and, apparently, ended sometime later that month or early in March.
The record supports the apparent factual determinations of the trial court which form the basis of its judgment, and, thus, we are clearly precluded from a determination that the judgment is manifestly erroneous. Indeed, we believe that it is correct.
LSA-R.S. 23:1333 is not intended to penalize an employer who, immediately after the judgment becomes final, opens discussions, in good faith, regarding the possibility of a discounted lump sum payment, particularly when the facts strongly imply a willingness on the part of all concerned to leave the matter open during the time when discussions are actively engaged in.
Such a conclusion obviates the necessity of discussing the possible conflict between the provisions of LSA-R.S. 23:1333 and Louisiana State Constitution of 1974, Article XII, Section 10, as well as the applicability of LSA-R.S. 22:658.
The judgment of the Civil District Court for the Parish of Orleans is affirmed. All costs of this appeal must be borne by the appellant.
AFFIRMED.