LABORDE, Judge.
The principal issues on appeal are whether Belden Corporation, defendant-appellee, failed to timely pay the workmen’s compensation benefits awarded Edward J. Allor, plaintiff-appellant, by judgment of the Louisiana Supreme Court, thus entitling Allor to have the payments accelerated under LSA-R.S. 23:1333 and whether Belden Corporation is liable for penalties and attorney’s fees under LSA-R.S. 23:1201.2.
The lower court denied plaintiff’s demands. Plaintiff appeals. We affirm.
On March 5, 1980, this court awarded payment of certain workmen’s compensation benefits to Allor. Allor v. Belden Corp., 382 So.2d 206 (La.App. 3rd Cir. 1980). Belden did not seek relief from this judgment, however Allor filed an application for writ of certiorari or review with the Louisiana Supreme Court which was granted. Allor v. Belden Corp., 383 So.2d 798 (La.1980). On January 26, 1981, the Supreme Court awarded Allor the following workmen’s compensation benefits:
“In summary, we conclude that the plaintiff is entitled to total, temporary disability compensation from the date of his accident, March 16, 1978, until June 27, 1979 at the rate of $130.00 per week. After June 27, 1979, the plaintiff is entitled to permanent, partial disability compensation in the amount of $130.00 per week minus any wages earned by him during the week. We find no error in the court of appeal’s award of penalties, attorney’s fees, medical, and travel expenses and thus affirm this award. We order that an additional $500.00 in attorney’s fees be assessed against the defendant to cover the expenses incurred in prosecuting this appeal.”
Allor v. Belden Corporation, 393 So.2d 1233 (La.1981).
No payments having been received nor any contacts made by Belden, Allor’s attorney made written demand on Belden for immediate payment of all amounts due under the judgment by letter dated February 11, 1981. Shortly after February 24, 1981, Belden paid $1,277.04 which represented payment of benefits due for the time period March 16, 1978, through June 27, 1979, together with the sum of $500 in attorney’s fees. Belden failed to reinstate payment of weekly benefits and failed to pay additional sums due under the judgment which sums totaled approximately $10,106.63.
On March 13,1981, Allor received a check for $650 from Belden for compensation benefits. Belden advised Allor that his weekly disability benefits were being reinstated. Belden refused to pay any other benefits due beyond that date until furnished with records of wages earned by Allor prior to that time. The earnings of Allor were furnished Belden by letter dated March 13, 1981.
On April 2, 1981, Allor filed a rule to accelerate payments and to collect pay- *1186 merits in arrears under LSA-R.S. 23:1333. In his rule, plaintiff also sought to recover penalties and attorney’s fees under LSA-R.S. 23:1201.2. On April 8, 1981, Belden paid Allor $10,106.63, the balance due and owing under the Supreme Court judgment dated January 26, 1981.
At the hearing of the rule on April 14, 1981, the litigants stipulated that all payments then due Allor had been paid up to date.
In denying Allor’s requests the trial judge held: “It is my view that defendant paid all that was due to plaintiff within a legally permissible delay after being provided with information needed to calculate the amount due. Therefore, all demands of plaintiff are rejected at plaintiff’s costs.”
IS PLAINTIFF ENTITLED TO A JUDGMENT UNDER THE PROVISIONS OF LSA-R.S. 23:1333?
LSA-R.S. 23:1333, in pertinent part provides, “If the employer against whom a judgment awarding compensation lias been rendered ... fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall become due and exigible and the judgment shall become executory for the whole amount; ...”
Allor contends that the Louisiana Supreme Court rendered judgment in his favor on January 26, 1981, and that Belden did not reinstate his weekly disability benefits until March 13, 1981, which was more than six weeks after rendition of judgment thus entitling him to have the judgment declared executory for the whole amount.
Defendant counters by arguing that the judgment, although rendered on January 26, 1981, did not become final until February 10, 1981, when the delays for filing an application for rehearing expired. Having reinstated weekly compensation benefits on March 13, 1981, it is Belden’s position that there was no period of six consecutive weeks when an installment was due and was not paid.
We agree with Belden. “Judgment” as used in LSA-R.S. 23:1333 refers to a final judgment. See Powe v. City of New Orleans, 346 So.2d 886 (La.App. 4th Cir. 1977). A judgment of the Supreme Court becomes final and definitive when the delay for application for rehearing has expired and no timely application for a rehearing has been made. The delay for applying for a rehearing is within fourteen days of the mailing of notice of judgment in the supreme court. LSA-C.C.P. art. 2167.
Applying the law to the facts presented in the instant case, we reach the following conclusions. Notice of the Supreme Court judgment was mailed on the day it was rendered which was January 26, 1981. Belden did not file an application for rehearing and the judgment became final on February 10, 1981. As stated earlier, Allor’s weekly compensation benefits were reinstated on March 13, 1981. This being so, Belden never failed to pay six successive installments as they became due and thus LSA-R.S. 23:1333, under its clear wording, was not triggered. Allor’s first argument lacks merit.
Allor’s next argument is that he is entitled to penalties and attorney’s fees pursuant to LSA-R.S. 23:1201.2. This article provides that a self-insured employer, “shall pay the amount of any claim due under the provisions of this chapter, within sixty days after receipt of written notice.” The article, in pertinent part, continues: “Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney’s fees for the prosecution and collection of such claim, ...”
The record shows that Belden received written notice from Allor by letter dated February 11, 1981. Within sixty days following receipt of this written demand, Bel-den paid all that was due Allor. Under the clear terms of LSA-R.S. 23:1201.2, Allor is not entitled to penalties and attorney’s fees.
*1187 For the above and foregoing reasons, the judgment of the district court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.