FORET, Judge.
This tort action arose out of an automobile accident that occurred on May 2, 1981, in New Iberia, Louisiana. The plaintiff is Steven Charles, acting as the administrator of the estate of his minor child, Racquel Charles [1] The defendants are Ronald Du-rand, administrator of the estate of his minor daughter, Michelle Durand, and his insurer, State Farm Mutual Automobile Insurance Company. Plaintiff appeals from a judgment in favor of defendants. The issue on appeal is whether Racquel Charles’ injuries were caused by the aforementioned accident.
FACTS
The facts concerning the accident are not in dispute. Racquel Charles, plaintiffs two-year-old daughter, was a back seat passenger in a 1978 Chevrolet being operated by Nolton George, Jr. The George vehicle was stopped at an intersection when it was hit from the rear by a Volkswagen owned by Ronald Durand and being driven by his fifteen-year-old daughter, Michelle. Because of the impact, Racquel was thrust forward into the back side of the front seat.
On May 18, 1981, sixteen days after the, accident, Racquel was brought to Charity Hospital in Lafayette by her mother, after the child had been complaining of pain in her right leg. She was examined by Dr. Kelly Nations, who was working in the emergency room at the time. Dr. Nations’ examination was normal and he saw no objective signs of bruises, contusions, or tenderness in any of the child’s extremities. Inasmuch as the child had full range of motion, and a normal degree of flexia and extension, and no other discernible injuries, she was fully discharged to resume full normal activities.
After the examination by Dr. Nations, the child was brought to Dr. Boring Montgomery on May 26, 1981. Dr. Montgomery found that the child walked with a slight limp and showed signs of pain when pressure was put on her right calf muscle. His observation was that the child suffered from a contusion of the right leg and a sprained right ankle. After seeing the patient on five more occasions, Dr. Montgomery released the child on November 16, 1981, and indicated that she had fully recovered.
At the trial, plaintiff introduced the deposition of Dr. Montgomery in evidence. Also, the child’s mother and grandmother testified that the child was constantly complaining of pain and often fell while playing. Defendants’ chief evidence was the deposition of Dr. Nations.
The trial judge ruled in favor of the defendants without assigning written reasons. Plaintiff now seeks reversal of the court’s ruling, arguing that its decision was manifestly erroneous.
CAUSATION
Causation is a question of fact as to which the trial court’s determinations are entitled to great weight and cannot be disturbed unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Dr. Nations was the first doctor to examine the child after the accident. He was of the opinion that a contusion and/or sprain-type soft tissue injury is usually worse immediately following an accident. He saw nothing which would indicate any pain or injury to the child. On the other hand, Dr. Montgomery saw the patient eight days after the examination of Dr. Nations, i.e., some three weeks after the accident. As to the testimony of the plaintiff’s witnesses, we see no reason to challenge the trial court’s evaluation of their testimony because a trial judge is in a much better position to judge the credibility of witnesses.
*918 The trial court obviously felt that the injury, if it existed, was not caused by or resulted from the accident of May 2, 1981. Since we do not find that the decision of the trial court is clearly wrong, we affirm.
DECREE
For the reasons set forth above, the decision of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Plaintiff did not sue to recover any damages in his individual capacity.