DOMENGEAUX, Judge.
This appeal arises from the dismissal of the appellant-employee’s Petition for Rule *576 seeking acceleration of all worker’s compensation benefits under La.R.S. 23:1333, in addition to seeking a contempt judgment and attorney’s fees against the appellee-employer. The issues are:
1. Whether the appellee failed to pay six successive worker’s compensation benefit installments as they became due so as to subject the appellee to the provisions of La.R.S. 23:1333, and if not,
2. Were the unpaid weekly installments sufficient to entitle appellant to reasonable attorney’s fees and costs of these proceedings.
We respond in the negative to these issues, and, for the reasons hereinafter assigned, affirm the judgment of the district court.
PACTS
Appellant George E. Woodard initially obtained a judgment against his employer, Gregory & Cook, Inc., granting him permanent and total disability benefits under the Louisiana Worker’s Compensation laws. Thereafter, the employer filed a motion for judgment notwithstanding the verdict which was denied. The employer then sus-pensively appealed to this Court, and we, on December 14, 1983, affirmed the trial court’s finding of total and permanent disability. [Woodard v. Gregory & Cook, Inc., 442 So.2d 912 (La.App. 3rd Cir.1983) ]. On December 28, 1983, Gregory & Cook, Inc. timely applied for a rehearing wherein it contended that we erred in awarding an increase in attorney’s fees in the amount of $500.00. The rehearing was denied on January 13, 1984, but the original opinion was amended, deleting the additional attorney’s fees. (See Per Curiam at 442 So.2d 916).
As soon as the judgment became final, counsel for Gregory & Cook, Inc. began corresponding with appellant’s counsel to determine the amounts owed pursuant to the judgment. The purpose of the correspondence was to arrive at a lump sum total for all compensation benefits due, including medical expenses owed by judgment, medical expenses incurred post judgment, worker’s compensation indemnity benefits, interest on all sums due, and attorney’s fees. After repeated telephone conversations and after several letters were written by both parties, the total amount due was calculated, and a draft in the amount of $32,492.99 was sent via Federal Express and received by appellant’s counsel on March 15, 1984, at 9:20 A.M.
Later that day, March 15, 1984, at approximately 3:58 P.M., appellant Woodard filed a proceeding entitled “Petition for Rule” naming as defendants-in-rule, the original defendant, Gregory & Cook, Inc. as well as Larry Foreman and Gray & Company, Inc. The petition demanded acceleration of all worker’s compensation benefits under La.R.S. 23:1333, in addition to an adjudication of contempt and attorney’s fees.
In response to the Petition for Rule, the defendants, Larry Foreman and Gray & Company, Inc., filed an exception of no cause of action on the grounds that appellant Woodard had not obtained a judgment against them and therefore had no right to obtain any relief under La.R.S. 23:1333. The statute allows relief only under certain circumstances and against a party who has been adjudged liable for worker’s compensation benefits. Since neither Larry Foreman nor Gray & Company, Inc. were named in the original judgment, the district judge agreed that the claim for accelerated benefits, contempt and attorney’s fees against these two defendants must be dismissed.
On May 9, 1984, the rule was heard and by judgment dated June 12, 1984, the district judge granted judgment in favor of the defendant-in-rule, appellee herein, dismissing the claims of the petitioner-in-rule at his cost. Thereafter, this appeal by Woodard followed.
ISSUE ONE
Whether appellee failed to pay six successive worker's compensation benefit installments as they became due so as to invoke upon the appellee the provisions of La.R.S. 23:1333.
La.R.S. 23:1333 provides that:
*577 “If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.”
The “judgment awarding compensation” has been interpreted to mean a final judgment. Allor v. Belden Corporation, 410 So.2d 1184 (La.App. 3rd Cir.1982), writ denied, 412 So.2d 1101 (La.1982). A judgment of a Court of Appeal becomes final when the delays for filing applications for rehearing or certiorari to the Supreme Court have run and no application has been timely filed. La.C.C.P. Art. 2167. A party has 14 days to apply for rehearing and 30 days to apply for a writ of certiorari. See La.C.C.P. Art. 2166.
As aforementioned, this Court previously affirmed the trial court’s award of compensation benefits on December 14, 1983. A rehearing was denied on January 13, 1984. La.C.C.P. Art. 2166 provides that the delays for writ of certiorari begin to run on the day the notice of denial of the rehearing is mailed. Since the notice was mailed on the day of denial, the judgment awarding compensation became final February 13, 1984.
The installments under the judgment of the trial court were to be paid weekly. Therefore, if no installments were paid within six weeks of the date of the final judgment, or by March 26, 1984, then the penalties of La.R.S. 23:1333 would have been applicable. However, appellant’s Petition for Rule acknowledges receipt of two installment payments on the 8th and 14th of March. Further, the appellant received full payment of the debt owed pursuant to the judgment on March 15, 1984. Under these circumstances, the appellant is not entitled to avail himself of the provisions of La.R.S. 23:1333.
The appellant reasons that inasmuch as the appellee applied for a rehearing on the issue of the $500.00 additional attorney’s fees only, the compensation part of the judgment became final on January 13, 1984, i.e., 30 days after the award was affirmed in December, 1983. The appellant argues that the six week period relevant to this case under La.R.S. 23:1333 began to run on January 13, 1984, and that since the installments had not begun within six weeks thereafter, or by February 24, that penalty statute is applicable. This argument lacks a basis in law. It is long settled that an appellate court judgment does not become final until an application for rehearing is finally passed on by the court. Neal v. Wyatt Lumber Co., 2 La.App. 84 (La.App. 2nd Cir.1925), La.C.C.P. Art. 2166.
ISSUE TWO
Whether the appellee’s failure to commence weekly compensation benefit payments until March 8, 1984, was so arbitrary and capricious that it should be condemned to pay the penalties of La.R.S. 23:1201.2.
The appellant argues that even if the appellee’s delay in paying the compensation benefits was insufficient to invoke the penalties of La.R.S. 23:1333, the appellant is entitled to the attorney’s fees in prosecuting this rule and interest on the overdue payments. Evidently the trial judge found no merit in this argument. Neither do we, for two reasons.
First, the appellee must, have acted arbitrarily, capriciously, or without probable cause. La.R.S. 23:1201.2 states:
“Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject em *578 ployer or insurer, in addition to the. amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply to cases where the employer or insurer is found liable for attorney’s fees under this Section. The provisions of R.S. 22:658 shall not be applicable to claims arising under this Chapter.”
The Fourth Circuit has held that where there is evidence that one reason for payment delays was the good faith intention and effort of the obligor to negotiate a lump sum payment, a claim for penalties and attorney’s fees occasioned by the delays would be denied. Powe v. City of New Orleans, 346 So.2d 886 (La.App. 4th Cir.1977), writ denied, 349 So.2d 880 (La.1977). Although the Powe case concerned itself solely with La.R.S. 23:1333, the above-quoted holding is equally applicable to La.R.S. 23:1201.2.
We hold that the appellee did not arbitrarily or capriciously delay benefit payments to the appellant. As soon as the judgment against it became final, the ap-pellee commenced negotiations with the appellant intending to effect a lump sum payment of all debts owed including debts covered in the judgment, post judgment medical expenses and compensation benefits, interest, and attorney’s fees. The record establishes that both parties were actively engaged in the negotiations and there is no evidence to suggest that the appellee purposefully delayed payment. Under these circumstances no arbitrary or capricious action has been proven.
Secondly, we find the Petition for Rule was filed too late. La.R.S. 23:1201.2 is primarily an enforcement mechanism accompanying the substantive worker’s compensation laws. Although this statute incidentally allows the injured employee to collect the costs and attorney’s fees inherent in prosecuting a rule to compel benefit payments, the purpose of the statute is to help the employee to begin receiving benefits. In this case the employee’s attorney received all back payments in one lump sum at 9:20 A.M. on March 15, 1984. The Petition for Rule was not filed until 3:58 P.M. that afternoon. The filing of the receipt of the payment has no adverse effect on the claim for penalties under La.R.S. 23:1333, but it makes the claim for unpaid benefits (and the attendant court costs and attorney’s fees) too late in time to be considered by a court.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal to be borne by appellant.
AFFIRMED.