STOKER, Judge.
Keith Gallow appeals the dismissal of his rule to accelerate worker’s compensation benefits due from the defendant under a previous judgment.
Gallow suffered an injury to his foot on May 5, 1983, while he was in the employ of Chester Lormand. He sued Lormand for compensation benefits. The trial court found that Gallow was totally and permanently disabled as a result of the injury, and awarded him $89 a week. That judgment was signed on October 18,1985. Lor-mand took neither an appeal nor writs.
On December 27,1985 Gallow filed a rule to show cause why the award should not be accelerated under the provisions of LSA-R.S. 23:1333, because of Lormand’s alleged failure to pay any installments since the rendering of the judgment. Without giving any reasons for judgment, the trial judge dismissed the rule. Gallow appeals.
LSA-R.S. 23:1333 provides:
“If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his *656 dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.”
There is some dispute as to whether the necessary time had elapsed. “Judgment” as used in LSA-R.S. 23:1333 refers to a final judgment. In Allor v. Belden Corp., 410 So.2d 1184 (La.App. 3d Cir.1982), writ denied, 412 So.2d 1101 (La.1982), the Supreme Court judgment did not become final until the delay for application for rehearing had expired and no timely application for a rehearing had been made. In Woodard v. Gregory & Cook, Inc., 476 So.2d 575 (La.App. 3d Cir.1985), this court held that the judgment of a Court of Appeal becomes final when the delays for filing applications for rehearing or certiora-ri to the Supreme Court have run and no application has been timely filed. We find no cases in which the delays after trial were directly at issue. In most cases involving awards of compensation from which no relief is requested, denial of acceleration has been based on the lack of willfulness in the failure to pay, or the fact that an administrative or clerical error was the reason for the failure. See Powe v. City of New Orleans, 346 So.2d 886 (La.App. 4th Cir.1977), writ denied, 349 So.2d 880 (La.1977); Johnson v. Continental Ins. Companies, 410 So.2d 1058 (La.1982).
We believe that the judgment of a trial court does not become final for the purposes of LSA-R.S. 23:1333 until after the running of the delays for the application for a new trial and for taking a sus-pensive appeal. This view is consistent with the results reached in the above cases dealing with the delays at the appellate and Supreme Court levels. We do not feel that the acceleration clock should tick against a defendant during the period that he is given to decide whether or not to seek relief from the judgment. If the counting under LSA-R.S. 23:1333 were commenced at the time of the rendering of the judgment of the trial court, an anomalous situation could arise in which the claimant could force an acceleration before the expiration of the defendant’s right to take a suspen-sive appeal. Not only would this do violence to the right of appeal, but it could also cause chaos where the trial court’s judgment was overturned on appeal.
In the instant case, the judgment was signed and notice of judgment was mailed on October 18, 1985. The delay for requesting a new trial ran as of October 29, 1985. LSA-C.C.P. art. 1974. The delay for taking a suspensive appeal expired on November 28, 1985. LSA-C.C.P. art. 2123. Assuming that the first week began on November 29, the six-week delay would not have run until January 9, 1986. On January 6 the representative of Lormand’s self-insurance program tendered payment which would have brought compensation up-to-date. Since the employer had not failed to make six successive payment from the finality of the judgment as we have defined it, Gallow was not entitled to invoke the provisions of LSA-R.S. 23:1333.
Even if the failure to pay is measured from the time of the rendering of the trial court judgment, our courts have placed another restriction on the exercise of the acceleration provision. This relief will not be granted unless the failure to pay constitutes a willful refusal. Johnson v. Continental Ins. Companies, supra. Where the employer’s failure to pay is based on its efforts to negotiate a lump-sum settlement, courts have refused to find the requisite element of willfulness. As the court stated in Powe v. City of New Orleans, supra:
“LSA-R.S. 1333 is not intended to penalize an employer who, immediately after the judgment becomes final, opens discussions, in good faith, regarding the possibility of a discounted lump sum payment, particularly when the facts strongly imply a willingness on the part of all concerned to leave the matter open during the time when discussions are actively engaged in.” 346 So.2d at 888.
The possibility of a lump-sum settlement was raised by the attorneys for the parties in the presence of the representative of the employer’s self-insurance group immediately after trial. The plaintiff’s attorney left the matter open. The adjuster attempted to call the plaintiff’s attorney on numerous occasions to negotiate a settlement. The attorney’s only excuse for not returning *657 the calls was that he refused to communicate with adjusters after trial, but insisted on dealing with their attorneys. He did not tell this to Lormand’s adjuster. He did send two letters to Lormand’s attorney in November, suggesting the lump sum that would be acceptable to him, and in the alternative demanding the compensation payments due under the judgment. Again, he refused to communicate with the adjuster concerning the settlement offer.
We need not consider the claim of Gal-low’s attorney that not only did he prefer to deal only with counsel for parties, but that he had an ethical responsibility not to do otherwise. The fact remains that the adjuster attempted in good faith to negotiate a settlement, and had no indication that his efforts would not be successful. The two letters sent by Gallow’s attorney showed no intent not to deal with the adjuster. The adjuster could not have known the attorney’s reason for not returning the calls. Under the circumstances, the failure to pay compensation benefits was not willful. Therefore, we believe the trial court was connect in refusing to accelerate the award under LSA-R.S. 23:1333.
CONCLUSION
For the foregoing reasons, we affirm the dismissal of the plaintiff’s rule. Costs of this appeal are assessed to the appellant.
AFFIRMED.