CARAWAY, J.
1 n This case involves the acceleration payments provision of the Workers’ Compensation Act, La. R.S. 23:1333, that operates because of an employer’s wilful refusal to pay pursuant to a judgment awarding benefits. The employer appeals an Office of Workers’ Compensation judgment accelerating supplemental earnings benefits and awarding the employee a lump sum of $183,612, representing 10 years of benefits, offset by a prior payment of back benefits. The trial court found a wilful failure of the employer to pay weekly wage benefits pursuant to the original judgment. The employer’s first weekly payment to the employee was made nine weeks after rendition of judgment and three weeks after the running of appellate delays. For the following reasons, we reverse.

Facts

Donald A. Dyke (“Dyke”) worked for Time Warner Cable (“TWC”) as a construction tech for 22 years when his left knee was injured on June 1, 2004. The accident twisted his knee causing tears that required surgical repair. The initial Claim Form 1008 was filed by Dyke in May 2005, and alleged that no wage or medical benefits had yet been paid.
After trial in March 2006, the Workers’ Compensation Judge (‘WCJ”) ruled in Dyke’s favor and rendered judgment on June 21, 2006. The judgment awarded “supplemental earnings benefits from December 7, 2004, to present at the rate of $429 per week, plus interest from the date of judicial demand until paid.” Prospectively, the judgment recognized Dyke’s entitlement to continued supplemental earnings benefits (SEB) in the | ^amount of $429 per week, “until such time as he may return to employment.” Lastly, the judgment awarded “all reasonable and necessary medical treatment associated with the *604 knee injury claimant ... sustained, including the surgical procedure recommended .... ” The judgment awarding SEBs is now final and no longer disputed, but serves as the basis for the acceleration claim now at issue. TWC asserts in brief that it determined not to appeal the judgment and appellate delays ran on July 28, 2006.
On" August 22, 2006, TWC tendered $41,806.86 to Dyke. Dyke and his counsel received the payment and signed a satisfaction of judgment stating:
The undersigned ... hereby acknowledge receipt of the sum of $41,306.86 in full .settlement and discharge of the Judgment signed in this matter in favor of the Employee, Donald Dyke and against the Employer, Time Warner Cable; and further acknowledge that weekly indemnity benefits have now begun at the rate of $429.00, and that medical treatment with Dr. Brown has been authorized; ...
The next day following the satisfaction of judgment, Dyke’s counsel filed a motion to accelerate benefits under La. R.S. 23:1333. It alleged that TWC failed to pay six successive installments as the indemnity benefits became due after the June 21, 2006 judgment.
Upon the trial of this matter on September 18, 2006, Dyke was the only witness who ■ testified. He identified two checks that he received from ACE USA insurance company. The first was dated September 5, 2006, for $858, referencing payment “For 08/22/06 Thru 09/04/06.” The second check was dated September 7, 2006, for $429, showing payment “For | -¡09/05/06 Thru 09/11/06.” Dyke claimed he received the checks on September 13, 2006. In his brief testimony, Dyke also acknowledged receipt of the check for “back benefits” on August 22, 2006. However, no explanation was given regarding the calculation of the $41,306.86 payment which Dyke received.
At the conclusion of the hearing, the trial court posed the following question to TWC’s counsel:
Q All right. I have a really simple question. Why is it you all didn’t pay the benefits?
A This is my understanding, Your Hon- or. When the trial — I did not do this trial. Mr. McNabb, who is no longer with our firm, did. Okay. The judgment came up. There were issues of appeal, whether or not they were going to take a suspensive appeal, a devolutive appeal; that decision had to be made. They decided against the appeal. That’s my take on it. So there was some time for investigation on whether or not that was going to happen. Also — That’s my understanding, that they were looking at issues of appeal and whether or not they were going to go forward with that.
The trial court found “that the statutory and jurisprudential requirements for acceleration of benefits have been met” and granted Dyke’s request therefor. The judgment accelerating Dyke’s SEBs of $429 per week for the maximum ten-year period, in the amount of $183,612, was signed on October 2, 2006. TWC appeals the judgment.

Discussion

The Louisiana Workers’ Compensation Act (La. R.S. 23:1021, et seq.) provides in Section 1333(A), as follows:
If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately 14become due and exigible and the award *605 shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
Section 1338 allows acceleration of worker’s compensation benefits under certain circumstances. Four statutory elements must be satisfied prior to accelerating a prior award of weekly benefits. They include: 1) an “award awarding compensation” against the employer, 2) insolvency or failure to pay six successive installments as they become due, 3) installments not yet payable under the award; and 4) the employee is not adequately protected by insurance and receiving payments thereunder. Atwood v. Ewing Timber, Inc., 36,732 (La.App. 2d Cir.1/29/03), 836 So.2d 1199, writ denied, 03-0888 (La.5/16/03), 843 So.2d 1134. Since Section 1333 imposes a very harsh penalty and since forfeitures are not favored in the law, jurisprudential interpretation of the statute has added two more requirements which must be met before the penalty can be invoked. Lytell v. Strickland Transp. Co., Inc., 373 So.2d 138 (La.1979); Duncan v. State, Dep’t of Transp. and Development, 615 So.2d 305 (La.1993). Those requirements include a showing that the employer’s failure to pay the installments was a wilful refusal to pay and that the employee made demand on the employer for past due payments. Mason v. CCC Express, Inc., 32,759 (La.App. 2d Cir.3/1/00), 754 So.2d 352, writ granted, 00-0918 (La.6/16/00), 763 So.2d 610. The penalty may not be invoked unless the employer fails after judgment to pay weekly compensation for six successive weeks, except of course that a suspensive appeal may suspend the commencement of this period until the judgment becomes executory. Lytell v. Strickland Transp. Co., Inc., supra.
TWC argues that prior notice of any delinquency for the payment of benefits was never given by Dyke. Dyke and his counsel received a sizeable payment on one day, August 22, without objection, and then on the next day, filed this claim for acceleration.
The WCJ made two rulings pertinent to TWC’s argument. First, the WCJ found that TWC’s failure to pay was wilful, for the stated reason that “I can’t find any justification for not paying this man benefits.” Second, the WCJ stated the “demand was made when the claimant filed his 1008 form back [on] May 19th, 2005.” The second finding does not qualify as a demand by Dyke for payment of benefits under the June 21, 2006 “award” of compensation which must be the focus of this Section 1333 claim.
As cited from the jurisprudence above, Louisiana courts have placed a protective gloss on Section 1333 to temper the harshness of its forfeiture penalty. It is the claimant’s burden to prove the wilful withholding of benefits by the employer and to demonstrate that notice of such delinquency was given in the form of a demand for payment. The two are related because if the employer ignores the notice and continues in its failure to pay benefits ordered under a prior court award, the wilfulness of the delinquency is indicated eliminating the possibility of a negligent failure to pay.
In this case, the record and the WCJ’s ruling show that no evidence, circumstantial or otherwise, proved TWC’s wilful nonpayment. To the | ficontrary, the evidence shows[1] that on August 22, Dyke received *606 payment for nine weekly SEB installments accruing after the June 21 judgment without any assertion by him that TWC’s failure to have paid those benefits previously was wilful. Dyke’s receipt for those benefits went further and acknowledged “full settlement and discharge” of the June 21 judgment ordering those weekly payments. Aside from the lack of written notice of TWC’s delinquency as a prerequisite to Dyke’s institution of this action, the evidence shows that TWC’s obligation for payment of wage benefits to Dyke was current on August 23, 2006.
The most that can be said to support Dyke’s claim is that on August 22, TWC had indeed allowed over eight weeks to pass after the June 21 judgment without paying weekly benefits. After that judgment became final and no longer subject to suspensive appeal[2] on July 28, Dyke was clearly entitled to weekly benefits and TWC was over five weeks delinquent. Dyke could have demanded payment then. Nevertheless, Louisiana jurisprudence has held that “the acceleration clock should [not] tick against a defendant during the period that he is given to decide whether or not to seek relief from the judgment.” Gallow v. Lormand, 509 So.2d 655, 656 (La.App. 3d Cir.1987). In Allor v. Belden Corp., 410 So.2d 1184 (La.App. 3d Cir. 1982), writ denied, 412 So.2d 1101 (La.1982), the date of the finality of the judgment or, in that case the final date for requesting a rehearing from the ^Louisiana Supreme Court, was viewed as the starting time for the six-week period.
In the present case, within a relatively short time after appellate delays ran and without any demand from Dyke, the parties settled for the payment of obligations recognized by that judgment, including weekly SEB payments through August 22. The parties’ course of dealing after the appeal delay negates any inference that TWC’s conduct was a “wilful refusal” to pay SEBs and instead implies good faith communications and negotiations resulting in the August 22 “discharge” payment. Moreover, Dyke’s “settlement and discharge” acknowledgment should not afford him any further claims arising from the asserted tardiness of TWC in paying SEBs through August 22. La. C.C. art. 3071; Jerome v. Duggan, 609 So.2d 1119 (La.App. 2d Cir.1992).

Conclusion

Accordingly, we find that considering the appellate delays after the June 21 judgment, the lack of notice of TWC’s failure to pay SEBs, and the parties’ August 22 settlement, La. R.S. 23:1333’s harsh penalty of forfeiture for TWC’s inaction before August 22 was not warranted. The judgment of the WCJ is reversed. Costs are assessed to Donald Dyke.
REVERSED.
WILLIAMS, J., concurs.

. All evidence at trial indicated that weekly SEBs were paid through August 22, 2006, before the institution of this action on August 23. At trial, Dyke's evidence showed three *606 weeks’ additional benefits paid by TWC through September 11, 2006. The remaining 428 weeks, between September 11, 2006 and December 7, 2014, for which benefits were accelerated by the WCJ’s ruling, produced the $183,612 (428 x $429/week) judgment now at issue.

. See La. R.S. 23:1310.5(C).