410 So.2d 1058 (1982)
Joseph JOHNSON, Jr.
v.
CONTINENTAL INSURANCE COMPANIES et al.
No. 81-C-1270.
Supreme Court of Louisiana.
March 1, 1982.
*1059 Gordon Hackman, Boutte, for plaintiff-applicant.
Sidney L. Patin, of Henderson, Hanemann & Morris, Houma, for defendants-respondents.
DIXON, Chief Justice.
Plaintiff was receiving weekly workmen's compensation payments as a result of an August 14, 1978 injury he sustained while on his job. Benefits were terminated in August, 1979 by the compensation insurer, Continental Insurance Company. Plaintiff filed suit, and on March 26, 1980 the trial court rendered judgment ordering the payments of $130.00 per week during the period of plaintiff's disability, not to exceed 450 weeks, expert fees of $600.00 and medical expenses. After the court denied defendant's motion for a new trial, notice of the judgment was mailed on May 30, 1980.
On June 5, 1980 defendant's adjuster handling plaintiff's claim requested issuance of a draft to plaintiff in the amount of $5703.10 for all unpaid compensation plus interest through June 9, 1980. The adjuster simultaneously made a notation on the same written request, instructing the clerk to resume payment of plaintiff's weekly benefits. The draft was issued and mailed to plaintiff's employer; however, an administrative error[1] in defendant's office resulted in its failure to resume payment of the weekly compensation benefits. Upon discovering the error on July 21, 1980, defendant made a single payment of $910.00 to plaintiff to cover the seven week period in which plaintiff received no payments. This check was mailed to plaintiff's employer, who informed plaintiff on July 26, 1980 that the check had been received. Plaintiff's daughter picked up the check that same afternoon.
On July 29, 1980, relying on R.S. 23:1333, plaintiff filed a motion to accelerate all overdue and future payments, alleging that defendant had failed to pay six successive installments as they became due. The trial court denied the motion, stating that R.S. 23:1333 applies only to an employer who does not have insurance under the workmen's compensation statute. Additionally, the trial court determined that the statute only penalizes a "willful refusal" to pay benefits for six successive installments and concluded that "no willful refusal is present in this case."
The Court of Appeal affirmed the judgment of the trial court and stated that "the purpose of the penalty statute will be effectuated *1060 only if the penalty provision is applied against employers who willfully refuse to pay the installment payments." 396 So.2d 2, 3 (La.App.1981). Writs were granted to reexamine the interpretation of R.S. 23:1333, which provides:
"If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."
Under its terms, R.S. 23:1333 allows the employee who has been judicially awarded compensation to accelerate the installments under his judgment when the employer fails to comply with its provisions. Generally, section 1333 provides two instances when installments not yet payable under the judgment may be acceleratedwhen the employer becomes insolvent or fails to pay six successive installments as they become due. The last sentence of the section contains the proviso that this right shall not accrue if the employee or his dependent is adequately protected by insurance and receives payment thereunder.[2]
The acceleration provision in section 1333 permits the injured employee to liquidate his claim and places him in a favorable position in the employer's insolvency proceedings, if any.
Courts have treated section 1333 as a penalty or forfeiture against the employer and have held, therefore, that this section must be strictly construed. Dixon v. King, 178 La. 1, 150 So. 385 (1933); Mason v. Costanza, 166 La. 323, 117 So. 240 (1928). Thus, judgments of acceleration of payments have been awarded only on infrequent occasions.
Eisel v. Caddo Transfer & Warehouse Co., 11 La.App. 408, 123 So. 496 (1929), was probably the first case in which a judgment of acceleration of payments was awarded. In that case, the plaintiff obtained a judgment awarding him compensation for 400 weeks. All payments were made to the plaintiff's attorneys. Although the attorneys repeatedly requested that the defendant make regular weekly payments, they continued to accept the defendant's quarterly payments. Defendant continued to make payments in this manner until December 31, 1927. In early January of 1928, counsel for plaintiff went to the defendant's office, after telephoning, and made demand for payment, which was refused. Plaintiff's counsel was informed that the defendant had decided not to make further payments to the plaintiff.
On February 28, 1928, at which time ten weekly payments were due, the plaintiff filed suit to have all future installments under the judgment decreed immediately due and payable on the ground that defendant had failed to pay six successive installments as they became due. The defendant resisted the suit on the grounds that no demand was made by the plaintiff, and that since the installments had been paid quarterly, the plaintiff had by custom and acquiescence waived his rights under the statute to be paid weekly. The district court rejected the plaintiff's demand and dismissed his suit.
The Court of Appeal agreed with the defendant's assertion that the plaintiff had by custom and acquiescence waived his right under the statute to be paid regularly each week. Nevertheless, that court stated:

*1061 "... the fact which is decisive of the point at issue and on which we rest our decision is that, after more than six successive payments were due under the judgment, demand was made for payment and the demand was refused; the reason given being that defendant had concluded to cease payments altogether." 11 La.App. at 410, 123 So. at 497.
In reversing the judgment of the trial court and ordering the acceleration of future payments under plaintiff's judgment, the court stated:
"... where an employer has been condemned by final judgment to pay an employee weekly compensation and subsequently repudiates the obligation by refusing to pay on demand, the forfeiture must be declared when demanded under the plain letter of the law...." 11 La. App. at 411, 123 So. at 498.
In Cole v. Sears, Roebuck and Co., 389 So.2d 762 (La.App.1980), plaintiff was awarded $65.00 per week during the period of disability, not to exceed 500 weeks. The parties agreed that payments would be made every four weeks. Sears began to make payments according to this agreement, but subsequently developed a pattern of delinquency. This prompted repeated requests from counsel for plaintiff that Sears mail the compensation checks promptly each month as agreed.
At the time plaintiff filed the rule to accelerate payments under his judgment, Sears was delinquent seven weekly installments. Sears contended that the agreement between the parties that compensation be paid monthly rather than weekly deprives plaintiff of the benefit of section 1333. The trial court rendered judgment in favor of plaintiff making due and exigible all sums not yet payable under the judgment. The Court of Appeal affirmed, stating that "six successive installments" under section 1333 refers to weekly installments, regardless of whether an agreement has been made for a longer interval between payments.
The only case in which this court has awarded a judgment of acceleration of payments is Lytell v. Strickland Transportation Co., 373 So.2d 138 (La.1979). In Lytell, the plaintiff was awarded compensation "for a total of 396 weeks or until further determination" by the district court. The judgment also awarded some $1600.00 for medical expenses. The defendant applied for a new trial, which was denied, and it did not appeal. Neither did it make any payments on the judgment, despite repeated telephoned and written demands by the plaintiff upon members of the law firm representing the defendant. Two months after the delay for a suspensive appeal expired, the plaintiff filed a rule to have all future payments under his judgment declared immediately due and exigible, and the judgment made executory for the whole amount.[3]
The trial court refused to apply the penalty on the basis of the defendant's contention that section 1333 was not applicable to a judgment of disability (which normally awards compensation "during disability"), but only to a judgment awarding compensation for nondisabling specific injuries (which normally awards compensation for a fixed number of weeks). The defendant did not contest the plaintiff's disability.
On review, this court expressed the view that the plain statutory intent of section 1333 is to apply the penalty to nonpayments of a judgment for disability, as well as nonpayments of a judgment for nondisabling specific injuries. Consequently, we held that the plaintiff was entitled to a judgment decreeing all payments under his judgment immediately due and exigible.
The question of whether the penalty provision under section 1333 may be invoked has been before the court in the following additional cases:
In Mason v. Costanza, supra, this court refused to apply the penalty where it was *1062 determined that the employer who failed to pay six successive installments as they became due did not willfully refuse to make the compensation payments, but offered to make such payments only at his place of business.[4]
Similarly, in Dixon v. King, supra, the penalty was not applied because at the time plaintiff sought to invoke the penalty, the defendant proved that the employee was no longer disabled.
And, finally, this court declined to apply the penalty in Crawford v. T. Smith & Son, Inc., 183 La. 103, 162 So. 814 (1935). In Crawford, the defendant obtained a judgment from the district court relieving it of the obligation of making further payments to the plaintiff, but that judgment was subsequently reversed by the Court of Appeal. After the judgment became final, the defendant tendered to the plaintiff all past due installments, which tender was refused on the ground that the defendant was bound to pay the remaining installments in a lump sum. The defendant refused to pay the balance in a lump sum, and the plaintiff filed suit to invoke the penalty under section 1333. The lower courts refused to apply the penalty.
In affirming the judgments of the lower courts this court concluded that, under the circumstances of the case, there was no "willful refusal" to pay on the part of the defendant, for which reason it cannot be penalized.
Authorities examined offer little or no assistance in interpreting R.S. 23:1333. See A. Larson, Larson's Workmen's Compensation (1981); W. Malone & A. Johnson, Louisiana Civil Law Treatise: Worker's Compensation (1980); W. Malone, Louisiana Workmen's Compensation: Law and Practice (1951, Supp.1955); M. Mayer, Workmen's Compensation Law in Louisiana (1937). However, no decision by this court or the courts of appeal has awarded a judgment of acceleration of payments when there was no "willful refusal" to pay after demand or the employee or his dependent was adequately protected by insurance and received payments thereunder.
In the instant case, defendant's failure to pay six successive installments was due to an administrative error in its office. Defendant made prompt payment, however, when the delinquency was brought to the attention of its supervisory employees. Under these circumstances, defendant did not "willfully" refuse to pay.
The uniform interpretation of R.S. 23:1333 by the courts since the statute was enacted compels a conclusion that section 1333 should not apply to a situation where there was no "willful refusal" to pay. Other penalty provisions in the compensation act apply when the failure to pay or discontinuance of payment of a claim is found to be arbitrary, capricious or without probable cause. R.S. 22:658 (insurer); R.S. 23:1201.2 (uninsured employer).[5] *1063 For these reasons, the judgments of the lower courts are affirmed, at plaintiff's costs.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
R.S. 23:1333 was not designed to punish the arbitrary refusal by an insurer to make compensation payments under a final judgment or to provide an additional method for executing a compensation judgment. The statute was designed to protect an employee against the insolvency or approaching insolvency of an uninsured employer by granting the employee the right to obtain a judgment for the employer's entire accelerated compensation liability when the employer either (1) becomes insolvent or (2) approaches insolvency, as evidenced by the failure to make six successive payments. The employee can then assert the entire claim (which has been reduced to judgment) in the bankruptcy proceeding or can enjoy a favorable secured position for the entire amount in the ranking of creditors of the employer.
Arbitrary refusal by an insurer to commence or reinstate compensation payments within 60 days after notice of finality of judgment (when refusal prior to judgment was not arbitrary) is punishable under R.S. 22:658.[1] The insurer in this case paid within 60 days.[2]
NOTES
[1] The insurance adjuster made the proper notation on a written form to the computer clerk to place the plaintiff's claim on the diary, which meant the computer would automatically print the check. The adjuster went on vacation shortly thereafter and the computer clerk failed to place the claim on the diary. The adjuster discovered the error about three weeks after she returned to work during a regular review of her files.
[2] This section was included in the Compensation Act of 1914 (No. 20, § 33), and was amended in 1918 (No. 38, § 1) to add the words "or his dependents" to the last sentence. Other insignificant changes were made to the wording of the section. In Mason v. Costanza, 8 La.App. Ill (1927), reversed on other grounds, 166 La. 323, 117 So. 240 (1928), Section 33 (R.S. 23:1333) was upheld against the claim that it amounts to a prohibited forfeiture. See W. Malone, Louisiana Workmen's Compensation: Law and Practice Section 36 (1951, Supp.1955). This section became R.S. 23:1333, with only insignificant changes in wording, when the Revised Statutes were adopted in 1950.
[3] Initially, the trial court made the plaintiff's rule absolute. However, the defendant's motion for a new trial was granted and the judgment making the plaintiff's rule absolute was rescinded.
[4] The court concluded that the defendant had a legal right to require the plaintiff to receive the payments at his place of business. La. Act No. 20 of 1914, § 8(7) provided, inter alia, that compensation payments were to be made as near as possible at the same place the injured employee was paid prior to the accident. This act became Section 1201 of Title 23 of the Revised Statutes, and it was amended in 1954 to provide for instances when compensation payments could be made by mail.
[5] R.S. 22:658 (1950) provided a penalty of 12% of the total loss together with reasonable attorney fees in all insurance contracts (except life, health and accident policies) where the failure to pay a claim within sixty days of receipt of proof was found to be arbitrary, capricious or without probable cause. The statute did not, however, address the question of whether the injured worker was to be considered the "insured" under the policy issued to the employer. This court answered that question in the affirmative in Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695 (1952), holding that the provisions of R.S. 22:658 apply to compensation insurers. The legislature codified this holding by amending the statute in 1952 (Act No. 417).

Despite the amendment, there was no such provision making it possible to assess similar penalties against the employer. In 1958 the legislature enacted R.S. 23:1201.2 to provide basically the same penalties against the uninsured employer as R.S. 22:658 provided against the insurer. Additionally, R.S. 23:1201.2 made the penalties applicable to the uninsured employer who discontinues payments, when such discontinuance is found to be arbitrary, capricious or without probable cause; courts have held that the insurer who discontinues payments arbitrarily, capriciously or without probable cause is subject to the penalties. Johnson v. State Farm Mutual Automobile Insurance Co., 342 So.2d 664 (La.1977); Daigle v. Great American Indemnity Co., 70 So.2d 697 (La.App. 1954).
The penalties under R.S. 22:658 and R.S. 23:1201.2 may be invoked regardless of whether there exists a prior judgment awarding compensation, upon arbitrary failure to pay the claim within sixty days of written notice (notice to the employer is considered notice to the insurer. R.S. 23:1162). See Malone, Workmen's Compensation, 19 La.L.Rev. 110, 113 (1958).
[1] Since there is no defense to a final judgment, any failure to pay is arguably arbitrary.
[2] Plaintiff received the payment of the reinstated weekly benefits 57 days after finality of judgment.