417 So.2d 119 (1982)
Julian CLARY, Plaintiff-Appellant,
v.
NABORS-SUN DRILLING & OPERATING COMPANY, INC., et al., Defendants-Appellees.
No. 8859.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
Writ Denied October 1, 1982.
Brittain & Williams, Joseph Payne Williams, Natchitoches, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley, Jack E. Carlisle, Jr., Shreveport, for defendants-appellees.
Before CULPEPPER, SWIFT and LABORDE, JJ.
SWIFT, Judge.
Julian Clary filed a rule to show cause against his employers, Nabors-Sun Drilling & Operating Company, Inc., and Sun Company, Inc. (Nabors-Sun), and their worker's *120 compensation insurer, Royal Globe Insurance Company (Royal), seeking acceleration of benefits under LSA-R.S. 23:1333 and for penalties and an attorney's fee. He alleged that the defendants had failed to pay more than six consecutive weekly compensation benefits which had been awarded by a prior judgment and also that they had refused to pay additional compensation, medical and travel expenses within 60 days after demand. From a judgment denying such relief, the plaintiff has appealed.
Mr. Clary was injured either in late February or early March of 1979. In September he filed suit against the defendants for workmen's compensation benefits. The case was tried on November 12, 1979, and on May 30, 1980, judgment was rendered awarding plaintiff weekly benefits for total and permanent disability, medical and travel expenses and legal interest from date of judicial demand. The plaintiff's demand for penalties and an attorney's fee was rejected. On February 4, 1981, this court affirmed the trial court's decision and amended the judgment to fix the disability benefits at $141 a month. (Our Docket No. 8025, an unpublished opinion). The judgment became final on March 6, 1981.
On February 9, 1981, plaintiff's attorney wrote a letter to Royal's counsel giving his calculation of benefits totaling $20,057.25 that were due Mr. Clary under the judgment. These were listed as:
1) Weekly compensation through February 20, 1981, $12,831.00;
2) Medical benefits, $5,080.19;
3) Travel expenses, $132.40;
4) Interest from September 18, 1979, through February 18, 1981, $2,013.66.
The letter also demanded payment of $1,494.23 for additional medical and $588.47 for travel expenses incurred subsequent to the trial, a total of $2,082.70.
On February 23, 1981, Royal's attorney replied, stating that a draft in the sum of $20,057.25 had been requested from the insurer, but it would need medical documentation to establish that the additional medical and travel expenses were incurred as a result of the compensable injury.
On February 27, plaintiff's counsel forwarded copies of the reports of the principal doctor, saying he saw no reason to do so as the employer had already been provided copies thereof, however, he was in the process of getting and would furnish reports from the other doctors and the hospital. Additional medical information was sent subsequently.
On March 20 Royal's counsel sent the plaintiff's attorney a check for $20,057.27 in partial satisfaction of judgment. The latter replied on March 26, calling attention to the fact that the check did not include the weekly compensation benefits due subsequent to February 20, 1981, and legal interest. A request was also made for prompt payment of the additional medical and travel expenses. The matter was discussed by the attorneys in a telephone conversation on April 16 and Royal's counsel agreed to get a check from Royal for $3,501.70 to bring all compensation benefits to date. On April 20 plaintiff's attorney wrote that if this sum was not received by April 27 they would take "action to require payment."
The file of Royal's counsel reflects that he received an unsigned draft for the plaintiff on or before April 23, but it was necessary to return it to the insurer on that date for signature. There is a dispute between counsel as to whether plaintiff's attorney's office was informed of this by telephone. A signed draft for $3,501.00 was received by counsel for plaintiff on April 29, 1981, the same day that the rule to show cause was filed.
At the trial of the rule the above mentioned documentary evidence and some other letters requesting payment were admitted. Also, Mrs. Bonnie G. Campbell, Senior Claims Clerk for Royal, testified that in March, 1981, a report to the New York office stated that the plaintiff was to be paid weekly compensation benefits, but that she evidently did not see that report and failed to put plaintiff on her weekly diary. This error was brought to her attention in April and the plaintiff was put on the diary for payment of weekly compensation on *121 April 28. Mrs. Campbell was unable to explain just how the oversight occurred. Donald C. Gassaway, an employee of Sun Production Company, testified that his company had received some medical reports on the plaintiff's condition before February, 1981. However, such information was not sent to Royal, because prior to the judgment in this case the employer treated the claim as one for benefits under its disability plan with another insurer which covered non-compensable disabilities of its employees.
The trial court rejected the plaintiff's demands and dismissed the rule.
The principal issue presented by this appeal is whether the plaintiff is entitled to acceleration of all of the weekly compensation benefits awarded by the judgment under LSA-R.S. 23:1333. The statute provides as follows:
"If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."
The plaintiff argues that mandatory acceleration of benefits is required if the employer fails to pay six consecutive installments without regard to whether the employer or insurer was willful or capricious in not making payments. We disagree.
In Johnson v. Continental Insurance Companies, 410 So.2d 1058 (La.1982) our supreme court was confronted with the same issue and similar circumstances. In that case due to an administrative error plaintiff was taken off the insurance company's weekly diary. Upon discovering the error the company promptly paid the plaintiff the benefits owed. The trial court found that the company had not willfully refused to pay plaintiff benefits and therefore denied the plaintiff acceleration of benefits under 23:1333. The appellate court affirmed, 396 So.2d 2 (La.App. 1 Cir. 1981). Writs were granted to review this interpretation of LSA-R.S. 23:1333 and the supreme court concluded:
"In the instant case, defendant's failure to pay six successive installments was due to an administrative error in its office. Defendant made prompt payment, however, when the delinquency was brought to the attention of its supervisory employees. Under these circumstances, defendant did not `willfully' refuse to pay. "The uniform interpretation of R.S. 23:1333 by the courts since the statute was enacted compels a conclusion that section 1333 should not apply to a situation where there was no `willful refusal' to pay. Other penalty provisions in the compensation act apply when the failure to pay or discontinuance of payment of a claim is found to be arbitrary, capricious or without probable cause. R.S. 22:658 (insurer); R.S. 23:1201.2 (uninsured employer)."
In the present case Royal's records confirm Mrs. Campbell's testimony that a notation was made on March 2, 1981, to pay the judgment to date and also to commence payment of weekly compensation benefits. However, she evidently did not see this entry and failed to put plaintiff on a weekly diary. The error was brought to her attention in April and thereafter in due course the plaintiff received payment of all benefits awarded by his judgment.
The trial judge concluded:
"The Court has considered the facts of the case carefully and finds no evidence of willful and capricious non-payment of compensation. Rather, it was a matter of an unusual series of clerical errors. It is to be hoped that they do not re-occur."
From our review of the record we cannot say that his finding in this respect was manifestly in error or clearly wrong.
We reach the same conclusion in regard to the plaintiff's demand for penalties and an attorney's fee under LSA-R.S. 22:658. Although the written reasons for *122 judgment do not mention this claim, as stated in Butler v. Commercial Union Ins. Co., 371 So.2d 337 (La.App. 4 Cir. 1979), writ refused, 373 So.2d 527 (La.1979):
"By dismissing the suit the trial judge necessarily found that defendant's failure was not arbitrary or capricious or without probable cause under the circumstances of this case."
Not having found any manifest error in the factual findings of the district court, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.