SEXTON, Judge.
Freddie Lee Wilson appeals the rejection of his demand for acceleration of worker’s compensation benefits under LSA-R.S. 23:1333. We affirm.
Plaintiff-appellant was seriously injured by a falling tree on August 19, 1980, during the. course and scope of his employment. His injuries left him totally and permanently disabled. Wilson subsequently filed suit against his direct employer, L.C. Jacobs, and others with whom he claims to have had a statutory employment relationship, namely: James Lowe, d/b/a Lowe Manufacturing; Allen Pulpwood, Inc. and their insurer, Southern Casualty Insurance Company; and Mrs. E.L. Mobley. The trial court rendered judgment rejecting plaintiff’s demands. On appeal, this Court found that Allen Pulpwood was the statutory employer of Wilson and, accordingly, reversed the trial court judgment insofar as that judgment rejected plaintiff’s claim against Allen Pulpwood, Inc. and its insurer, Southern Casualty Insurance Company. 438 So.2d 1119. Weekly benefits were awarded in the amount of $45, as well as medical expenses of $35,011.35, with legal ■interest on both amounts from date due until paid, and for all costs of the proceeding. Rehearing from this decision was denied on October 20, 1983. Writs were perfected by Allen Pulpwood, Inc. and Southern Casualty Insurance Company was denied by the Louisiana Supreme Court on December 9, 1983, 443 So.2d 587, making the judgment of this Court final on that date. LSA-C.C.P. Art. 2166(D).
On January 24, 1984, Freddie Lee Wilson filed a rule to show cause against Allen Pulpwood, Inc. and Southern Casualty Insurance Company. In this rule it was alleged that the defendants had arbitrarily and capriciously failed to pay the worker’s compensation benefits in accordance with the judgment of this Court for more than six weeks, entitling plaintiff to an acceleration of these benefits, and additionally, to statutory penalties, attorney’s fees, and costs. In response, both defendants filed exceptions of no cause of action claiming that LSA-R.S. 23:1333 did not provide for an award of penalties or attorney’s fees. Further, Southern Casualty Insurance Company filed an additional exception of no cause of action, claiming that the statute in question, LSA-R.S. 23:1333, did not apply to insurers. These exceptions were referred to the merits. After a hearing, the trial judge sustained the exceptions and dismissed the plaintiff’s claim.
The trial court found that in the interim between the notification of the judgment in favor of plaintiff and the tender of payment on January 24, 1984, the parties were attempting to amicably resolve various matters such as interest due on the weekly payments, interest due on medical payments, and were exploring the possibility of a lump sum settlement. Payment of past due compensation benefits was tendered on January 24, 1984, the day the rule was filed and plaintiff’s attorney was notified of the mailing of the check on that same day. The trial court found it significant that the rule was filed exactly six *66 weeks after finality of judgment. This judgment forms the basis of this appeal.
We perceive a significant question as to whether the trial court was correct in its determination that there was not a “willful refusal” to pay. However, we pretermit a determination in this regard because of our view that the statute in question is not applicable to this cause. LSA-R.S. 23:1333 states:
If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependant is adequately protected by insurance and receives payments thereunder this right shall not accrue. (Emphasis ours)
As our Supreme Court pointed out, “Generally, Section 1333 provides two instances when installments not yet payable under the judgment may be accelerated — when the employer becomes insolvent or fails to pay six successive installments as they become due.” Johnson v. Continental Insurance Companies, 410 So.2d 1058, 1060 (La.1982). Justice Lemmon in his concurrence further expounds:
R.S. 23:1333 was not designed to punish the arbitrary refusal by an insurer to make compensation payments under a final judgment or to provide an additional method for executing a compensation judgment. The statute was designed to protect an employee against the insolvency or approaching insolvency of an uninsured employer by granting the employee the right to obtain a judgment for the employer’s entire accelerated compensation liability when the employer either (1) becomes insolvent or (2) approaches insolvency, as evidenced by the failure to make six successive payments. The employee can then assert the entire claim (which has been reduced to judgment) in the bankruptcy proceeding or can enjoy a favorable secured position for the entire amount in the ranking of creditors of the employer. Johnson, supra, at 1063 (Lemmon, J. concurring)
The scholarly literature is in accord with the position that the statute has applicability only when an insolvent uninsured employer is involved. Malone and Johnson explain that the section “has no application at all against an insolvent employer if the claim is protected by insurance, which in practice means that instances of its use will be very few.” W. Malone and A. Johnson, Louisiana Civil Law Treatise: Worker’s Compensation § 389 at 283 (1980).
In conclusion, as a penal statute, Section 1333 must be strictly construed. Johnson, supra. The wording of the statute indicates it is only applicable to protect an employee who has no personal insurance against the prospective insolvency of his uninsured employer. Such jurisprudence and scholarly comment as exist are in accord with this view.
AFFIRMED at appellant’s cost.