GUIDRY, Judge.
This is a suit for acceleration of worker’s compensation payments. The trial court denied the plaintiff’s demand for acceleration but granted plaintiff judgment for attorney’s fees in the amount of $350.00 and a 12% penalty on the arrearages which were paid on August 10, 1984. Plaintiff appealed.
FACTS
The plaintiff, Warrick M. Hebert, secured a judgment against the defendant, Big Chief Truck Lines, Inc. (hereafter Big Chief), on January 27, 1983, awarding weekly compensation benefits in the amount of $163.00 per week beginning October 31, 1980 but not beyond the maximum of 450 weeks. North-West Insurance Co., Big Chief’s worker’s compensation insurer, started paying the benefits due under this judgment after plaintiff filed a jtídgment debtor rule against Big Chief. Payments continued until approximately May 9, 1984. The payment by check of North-West to the plaintiff on May 9, 1984 was not honored when presented for payment. On June 1, 1984, the plaintiff’s attorney sent a demand letter to defendant’s attorney, return receipt requested. This letter, which was received by defendant’s attorney on June 4, 1984 reads in pertinent part as follows:
“On January 27, 1983, judgment was rendered in the captioned matter in favor of plaintiff, Warrick Mitchell Hebert, and against the defendant, Big Chief Truck Lines, Inc., for workmen’s compensation benefits at the rate of $163.00 per week beginning October 31, 1980.
Big Chief’s workmen’s compensation insurer, The North-West Insurance Company, had been paying compensation, the last check being dated May 9, 1984 and representing compensation for the period May 7 through May 20,1984. This check was not honored when presented for payment. I understand that North-West Insurance has been placed in receivership or Chapter 11. Would you please have your client, Big Chief Truck Lines, Inc., immediately pay all arrearages, beginning May 7, 1984? (sic) Of course, you realize that if Big Chief fails to pay six consecutive weeks of compensation then plaintiff is entitled to accelerate all unpaid amounts under the judgment.”
Thereafter, having received no further payments nor any reply to his written demand of June 1, 1984, on July 31, 1984, plaintiff filed a motion to accelerate all overdue and future payment of compensation benefits. On August 10, 1984, some ten days after the motion to accelerate was filed, and some 13 weeks since payment of last compensation, North-West sent a check to the plaintiff for all benefits due for the period from May 21, 1984 to August 19, 1984. On August 23, 1984, defendant made a further benefits payment for the *257 August 20, 1984 to September 2, 1984 period. Neither of these checks was presented for payment by the plaintiff.[1]
Defendant presented one witness, Dolores Conley, at the acceleration hearing. Ms. Conley was the claims examiner for Mid-Continent Underwriters, the managing agent for compensation claims in Louisiana for defendant’s insurer. Ms. Conley stated that she was familiar with and responsible for the plaintiffs file. Testimony indicated that Ms. Conley was absent from her job, due to scheduled surgery, when plaintiffs file came up for periodic review. However, during her absence the supervisor was supposed to have taken responsibility for her files.
Ms. Conley explained that her company uses a diary system for payment of compensation benefits. The diary system contained two categories, claims that were considered continuous compensation payments and those that needed to be reviewed by a claims examiner. The continuous compensation files were automatically paid by the clerical staff without any need for review. However, once a continuous compensation file reached a certain age, it was removed from the continuous system and subjected to review by a claims examiner or a supervisor before a benefits check would be issued.
Ms. Conley testified that the plaintiffs file had been on the continuous payment system while she was at work. While she was on leave for her surgery, the plaintiffs file was removed from the continuous system. According to Ms. Conley, the clerical staff simply made an administrative error when they failed to notify the supervisor of the need for review.
Ms. Conley testified that following her return to work and as soon as the alleged administrative error came to her attention, she had the August 10, 1984 benefits check issued to the plaintiff. Ms. Conley further stated that she had no knowledge of the letter plaintiffs attorney sent to defendant’s attorney in June, 1984.
The trial court found that the untimely payment was due to administrative error and for this reason dismissed plaintiff’s demand for acceleration. Plaintiff appealed. Defendant has not appealed or answered plaintiff’s appeal.
Appellant presents two issues for our consideration:
1. Did the trial court err in not accelerating the compensation payments?
2. Should attorney’s fees be increased for services on appeal?
ACCELERATION
La.R.S. 23:1333 provides:
“If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.”
Acceleration of payments, pursuant to La.R.S. 23:1333, is a harsh remedy. Our jurisprudence requires the fulfillment of two conditions before acceleration will be granted. First, the employer’s failure to pay must be deemed a willful refusal to pay. Second, the employee must prove that a written demand for past due payments has been presented to the employer or the employer’s representative, without avail. See Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979); Harris v. Georgia-Pacific Corp., 395 So.2d 856 (La.App. 2nd Cir.1981); Clary v. Nabors-Sun Drilling & Operating Company, Inc., et al., 417 So.2d 119 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 457 (La.1982); Johnson v. Continen *258 tal Ins. Companies, 410 So.2d 1058 (La.1982).
The trial court found that there was no willful refusal to pay in that the failure to make payment occurred as a result of clerical error. The trial court’s finding of fact based on its weighing of evidence in worker’s compensation proceedings will be reversed only on a showing of manifest error. Under the circumstances of this case, we conclude that the trial court manifestly erred in not finding a willful refusal to pay the overdue benefits.
The evidence relevant to the issue presented is clear and without dispute. On January 27, 1983, appellant secured a judgment against his employer, Big Chief, awarding weekly compensation benefits not to exceed 450 weeks. Big Chief’s insurer, North-West, was not made a party to that suit, albeit, after rendition of judgment, North-West assumed the responsibility, vis-a-vis Big Chief, to make the payments due to plaintiff. The compensation check sent plaintiff on May 9, 1984 was dishonored when presented for payment. Plaintiff then, on June 1, 1984, had his attorney draft a demand letter to Big Chief’s attorney requesting continuance of the payments which were due him according to the judgment he had secured in January, 1983. This demand letter was sent through the U.S. Postal Service, return receipt requested. The return receipt shows that defendant’s attorney positively received the demand letter on June 4, 1984. At that moment, the defendant, Big Chief, had knowledge of the dishonored check and the demand for continuance of future payments. Marpco, Inc. v. South States Pipe & Supply et al, 377 So.2d 525 (La.App. 3rd Cir.1979); Martin v. White, 219 So.2d 219 (La.App. 1st Cir.1969); Allen v. Frank Janes Co., 142 La. 1056, 78 So. 115 (1918). The record does not indicate that Big Chief notified its insurer of this demand. However, plaintiff’s demand was properly addressed to his judgment debtor, and he cannot be penalized for any failure on the part of Big Chief to in turn notify its insurer. In sum, we conclude that proper demand was made on the employer, judgment-debtor. We next consider whether the actions of North-West in response to this demand, which we consider were performed on behalf of Big Chief, constituted a “wilful refusal to pay”.
Even if North-West’s claims examiner, Ms. Conley, was on a temporary leave of absence, that does not excuse NorthWest for not reviewing plaintiff’s file for such an extensive period of time. Ms. Conley stated that she was responsible for some 200 files and that all of these files were taken care of by her supervisor while she was on leave. From the date of the last benefits check to plaintiff until the August, 1984 payment, approximately 13 weeks passed. From the date of the demand letter to the August payment 10 weeks passed. Payment was not made until 10 days following the filing of the motion to accelerate. Since Big Chief and, presumably, North-West had knowledge of the situation from the demand letter, we feel that lack of payment for 10-13 weeks shows a willful refusal to make past due payments.
Defendant relies on Johnson v. Continental Insurance Companies et al, supra, Harris v. Georgia Pacific Corporation, supra, and Clary v. Nabors-Sun Drilling & Operating Company, Inc., et al, supra, for support of its contention that the circumstances of this case do not present facts evidencing a willful refusal to pay compensation benefits such as to trigger the relief accorded by La.R.S. 23:1333. In our view, these cases are factually inappo-site.
In Johnson, supra, the employer made payment as soon as it was discovered that plaintiff had not been paid for seven weeks. Plaintiff, in that case, did not make a demand of any kind upon the employer or insurer and actually received payment of all arrearages three days before the motion for acceleration was filed.
In Harris, supra, although compensation payments were shown to be in arrears for some eight weeks as a result of clerical error, plaintiff was unable to establish that *259 a demand letter purportedly written was ever mailed or received by the employer.
In Clary, supra, the plaintiffs attorney and the defense attorney engaged in a series of negotiations to bring payments up to date. Defendant made a substantial payment which almost put the payments back on schedule. Defendant’s attorney agreed that the remainder plaintiff said was due should be paid. However, due to an administrative oversight the draft that would have balanced the payments was not signed, thus necessitating the return of the draft to the employer. The signed draft finally reached the plaintiff on the day the motion to accelerate was filed. This case showed a good faith attempt by the defendant to bring up to date all overdue payments.
Lastly, defendant relies on the recent case of Wilson v. Jacobs, 459 So.2d 64 (La.App. 2d Cir.1984), writ denied, 461 So.2d 318 (La.1984). In Wilson, supra, the motion to accelerate was filed exactly six weeks after finality of the judgment ordering payment of compensation benefits. During the interim, between finality of judgment and payment of all arrearages, the parties were attempting to resolve various matters involving interest due and were exploring the possibility of a lump sum settlement. Payment of all arrearag-es was tendered on the date the motion to accelerate was filed. Under these circumstances, the trial court concluded that there was no willful refusal to pay. In affirming, our brethren of the second circuit pre-termitted any discussion of the issue of willful refusal to pay, and concluded that La.R.S. 23:1333 was inapplicable except when an insolvent uninsured employer is involved. In other words, our brethren adopted the view expressed by Justice Lemmon in his concurring opinion in Johnson, supra, that La.R.S. 23:1333 was not designed to punish the arbitrary refusal by an insurer to make compensation payments under a final judgment, rather the statute was designed to protect an employee against the insolvency our approaching insolvency of an uninsured employer. Although we entertain the utmost respect for the views expressed by our brethren in Wilson, supra, and the view expressed by Justice Lemmon, in his concurring opinion in Johnson, supra, we do not discern that this is the interpretation accorded La.R.S. 23:1333 by our Supreme Court and the other intermediate appellate courts of this state. In Johnson, supra, the motion to accelerate was brought against the employer’s insurer. The conclusion in Johnson was not that plaintiff’s motion failed to state a cause of action, but rather that the record did not evidence a willful refusal to pay after demand. In Johnson, our Supreme Court stated:
“Authorities examined offer little or no assistance in interpreting R.S. 23:1333. See A. Larson, Larson’s Workmen’s Compensation (1981); W. Malone & A. Johnson, Louisiana Civil Law Treatise: Worker’s Compensation (1980); W. Malone, Louisiana Workmen’s Compensation: Law and Practice (1951, Supp.1955); M. Mayer, Workmen’s Compensation Law in Louisiana (1937). However, no decision by this court or the courts of appeal has awarded a judgment of acceleration of payments when there was no “willful refusal” to pay after demand or the employee or his dependent was adequately protected by insurance and received payments thereunder.”
In the instant case, the judgment awarding compensation was rendered against the employer. The employer’s insurer, North-West, was not made a party to the suit from which this judgment emanated, albeit, the insurer did undertake to fulfill the obligation of the judgment debt- or. Formal demand was made on the employer and presumably disregarded. At the time payment was tendered compensation had not been paid for over thirteen weeks and the motion to accelerate had been filed two weeks previously. Under these circumstances, we conclude that there has been shown a willful refusal to pay after demand so as to warrant the rendition of a judgment of acceleration under authority of La.R.S. 23:1333. Under the cited statute and the jurisprudence in *260 terpreting same, a judgment of acceleration is warranted if it be shown that the employer against whom a judgment awarding compensation has been rendered willfully refuses to pay six successive installments as they become due. This relief can be denied the employee only if it be established that the employee is adequately protected by insurance and received payments thereunder.
ATTORNEY’S FEES
The trial court awarded penalties of 12% and attorney’s fees in the amount of $350.00 against defendant-appellee. The latter did not appeal or answer the appeal of plaintiff and that portion of the trial court’s judgment is final. Plaintiff requests additional attorney’s fees for services of his attorney on appeal. Appellant’s request must be denied as it is well settled that an employer that is covered by a worker’s compensation insurance policy at the time of accident cannot be assessed penalties and attorney’s fees. Fontenot v. Great Southern Oil & Gas Company, Inc., 434 So.2d 621 (La.App. 3rd Cir.1983), and cases therein cited.
For the above and foregoing reasons, the judgment of the trial court insofar as it denied plaintiff-appellant’s motion to accelerate is reversed and set aside. Accordingly, it is ordered, adjudged and decreed that there be judgment in favor of Warrick Mitchell Hebert and against the defendant, Big Chief Truck Lines, Inc., decreeing that weekly compensation payments not yet payable under the judgment of January 27, 1983, shall immediately become due and exigible, and that the judgment becomes executory for the whole amount, i.e., the unpaid remainder of the 450 weeks of compensation awarded by the judgment. In all other respects, the judgment appealed from is affirmed.
Defendant-appellee, Big Chief Truck Lines, Inc., is cast for all costs of this appeal.
REVERSED IN PART AND AFFIRMED IN PART.

. There is nothing in the record indicating that the dishonored payment of May 9, 1984 has ever been made good.