BROWN, Judge.
In this worker’s compensation suit, plaintiff, Lynn W. Duncan, appeals from the trial court’s finding that he was not entitled to have his award of supplemental earnings benefits (SEB) accelerated pursuant to LSA-R.S. 23:1333. Finding no error, we affirm.
LSA-R.S. 23:1333 provides:
If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately become due and exigible and the award shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
Plaintiff had worked for the State of Louisiana, Department of Transportation and Development (DOTD) since 1971 and at the time of his work-related accident was employed as an engineering specialist. While on a business-related trip in August 1984, plaintiff was involved in an automobile accident resulting in back and neck injuries. Plaintiff’s condition deteriorated and eventually caused him to leave his employment. On August 19, 1987 plaintiff lodged a claim with the Office of Worker’s Compensation and, after rejecting its recommendation, filed suit on October 7, 1987. The trial court found plaintiff was disabled from performing any type of work as the result of the work-related accident. Plaintiff’s claims for disability benefits were found to have prescribed; however, the court awarded supplemental earnings benefits (SEB). The court also awarded certain unpaid medical expenses and reasonable attorney’s fees. On appeal, this court affirmed the judgment of the trial court as to the issues of disability, causation, SEB, prescription, additional weekly benefits, penalties and attorney’s fees. The judgment was amended, however, to award plaintiff all unpaid medical fees and expenses. See Duncan v. State, DOTD, 556 So.2d 881 (La.App. 2d Cir.1990).
The judgment became final on February 23, 1990. By letter dated March 1, 1990, plaintiff made demand upon defendant to pay the amounts awarded by the judgment. Despite the final judgment ordering defendant to pay and the written demand for payment, defendant made no payment nor took any action in the ease.
On April 24, 1990 plaintiff filed a motion to accelerate the payment of supplemental earnings benefits together with legal interest from maturity of each weekly payment and to collect all unpaid medical fees and expenses. Plaintiff alleged that defendant had failed to pay six successive installments as they became due and therefore under the provisions of LSA-R.S. 23:1333 he was entitled to have the weekly benefits previously awarded accelerated to an immediate judgment against defendant for the full 520 weeks at the rate of $245 per week. Additionally, plaintiff contended that defendant had been arbitrary and capricious in failing to timely pay the benefits owed and accordingly he was entitled to receive a penalty of 12% on the total amount of his loss now due together with reasonable attorney’s fees. (Because payment was due under a final judgment LSA-R.S. 23:1201(F), which provides for a 24% penalty, rather than 1201(E) was applicable).
In response, defendant filed an exception of no cause of action claiming that LSA-R.S. 23:1333 which accelerated worker’s compensation payments did not apply to the State.
On May 23, 1990, 29 days after the filing of plaintiff’s motion for acceleration, defendant paid plaintiff the sum of $35,595 which represented the back due benefits for the time period of August 1, 1987 through May 13, 1990. The payment did not include interest on the overdue weekly benefits. Thereafter defendant began paying and apparently has continued to pay monthly the weekly benefits and eventually paid the medical expenses.
*616 Following a hearing on June 12, 1991 the trial court found that LSA-R.S. 23:1333 which provided for acceleration of benefits did not apply to supplemental earnings benefits. The court further found that LSA-R.S. 23:1333 likewise was inapplicable to the State because the employee was adequately protected by its solvency. The court then found that defendant was liable for a penalty of 24% of the total of all past due installments ($35,595) pursuant to LSA-R.S. 23:1201(F). The court held defendant’s failure to pay following final judgment was arbitrary, capricious and without probable cause pursuant to LSA-R.S. 23:1201.2 and awarded attorney’s fees in the sum of $1,500. The court held that since no interest had been paid to date the penalty of 24% would apply to the unpaid interest due on the past due benefits. Finally, defendant was cast for all costs of court not already paid.
On appeal, plaintiff presents two issues for consideration:
1) Whether LSA-R.S. 23:1333 is applicable to a judgment for supplemental earnings benefits even though plaintiff’s rate of compensation and/or the duration of plaintiff’s compensation might be subject to modification in the future; and,
2) Assuming that LSA-R.S. 23:1333 is applicable, whether the payment by defendant to plaintiff after it failed to pay six successive installments as they became due defeated plaintiff’s right to have the benefits awarded him accelerated.
Our interpretation of the statute and the Supreme Court’s ruling in Lytell v. Strickland Transportation Company, Inc., 373 So.2d 138 (La.1979), leads us to decide LSA-R.S. 23:1333 is applicable to an award of supplemental earnings benefits. The Supreme Court used the following language in interpreting LSA-R.S. 23:1333 in Lytell, supra, at p. 140:
In our view, thus, the plain statutory intent is that, after a judgment awarding weekly compensation, the employer who does not pay same is subject to the penalty of having all weekly compensation payable under the judgment immediately become due and exigible, whether or not the award is based on disability (subject to reopening) or upon a non-disabling specific injury (with a scheduled fixed-number of weeks). Indeed, considering the purpose of the act to protect workers injured or disabled through industrial accidents, it makes no functional sense to exclude only disabled workers (most in need of the compensation income) from the enforcement of their judgments through the penalty, and to ascribe a legislative intent by it to help only non-disabled specific-injury employees enforce their fixed-weekly judgments.
Examining the language of the statute and the reasoning of the Supreme Court, we find that LSA-R.S. 23:1333 is applicable to an award of SEB even though they are subject to modification in the future due to receipt of retirement or social security benefits.
Although we find that supplemental earnings benefits are subject to acceleration under the statute, we also find that the language of the statute acts to make it inapplicable in this case. LSA-R.S. 23:1333 only applies where the employer is uninsured and insolvent. Justice Lemmon concurring in Johnson v. Continental Insurance Companies, 410 So.2d 1058 (La.1982), stated:
R.S. 23:1333 was not designed to punish the arbitrary refusal by an insurer to make compensation payments under a final judgment or to provide an additional method for executing a compensation judgment. The statute was designed to protect an employee against the insolvency or approaching insolvency of an uninsured employer by granting the employee the right to obtain a judgment for the employer’s entire accelerated compensation liability when the employer either (1) becomes insolvent or (2) approaches insolvency, as evidenced by the failure to make six successive payments. The employee can then assert the entire claim (which has been reduced to judgment) in the bankruptcy proceeding or can enjoy a favorable secured position for the entire amount in the ranking of creditors of the employer.
Arbitrary refusal by an insurer to commence or reinstate compensation pay *617 ments within 60 days after notice of finality of judgment (when refusal prior to judgment was not arbitrary) is punishable under R.S. 22:658.
The State of Louisiana is clearly not insolvent. Even though the State does not have a conventional insurance policy, it is self-insured under a risk management plan which is backed by its resources. While not every employer’s self-insurance plan will meet the statutory test of “insurance coverage”, the State’s plan backed by its formidable resources passes the test. Therefore, as an employer, the State is not to be held accountable under LSA-R.S. 23:1833.
The record also contains arguments concerning whether the State’s refusal to pay was “willful”. Johnson, supra, held that LSA-R.S. 23:1333 only applies where there is a “willful refusal” to pay. After receiving a final judgment and written demand for payment, the State failed to make payment until a motion was filed by plaintiff. No excuse was offered by the State sufficient to extricate itself from this situation. Under these circumstances the State’s conduct was willful but because LSA-R.S. 23:1333 is not applicable, plaintiff’s remedy must be found in LSA-R.S. 23:1201(F).
The trial court correctly held defendant liable for penalties amounting to 24% of the total of all past due installments ($35,595) including interest. LSA-R.S. 23:1201(F). We likewise agree with the trial court’s ruling regarding attorney’s fees. The trial court found defendant arbitrary and capricious in its failure to pay within 60 days following final judgment and therefore awarded $1,500 in attorney’s fees. LSA-R.S. 23:1201.2. We agree with this award, finding it to be reasonable.
DECREE
The ruling of the trial court is hereby AFFIRMED. Costs of this appeal are assessed to plaintiff.
AFFIRMED.