liDOUCET, Chief Judge.
In this appeal, defendant, Evangeline of Natchitoches, Inc. d/b/a Riverside Nursing Home, seeks reversal of a judgment by an Office of Workers’ Compensation Judge changing claimant’s classification of disability from temporary total to permanent total disability, accelerating her benefits due under each status, and awarding claimant costs and attorney’s fees. We affirm.
FACTS
The record reflects that claimant, Edna Jones, was injured in the course and scope of her employment as a laundry worker for Riverside Nursing Home in Natchitoches, Louisiana, on June 6, 1988. Ms. Jones was sent by her employer to see |2a Dr. Sills. Thereafter, she consulted Dr. Baer I. Ram-bach, an orthopaedic surgeon, who became her treating physician. On March 26,1990, a judgment was rendered against defendant finding Ms. Jones entitled to temporary, total disability benefits of $71.00 per week from June 6, 1988, plus medical expenses, penalties, interest and attorney’s fees. A second judgment, dated May 20,1991, again ordered defendant to pay past due benefits, medical expenses, interest, penalties and attorney’s fees. Thereafter, on June 7, 1995, claimant underwent a lumbar laminectomy and diskec-tomy. This procedure failed to alleviate her symptoms. Subsequently, by a third judgment, rendered November 16, 1995, defendant was, once again, ordered to pay Ms. Jones’ outstanding medical bills, $1,100.00 in past due benefits, $4,000.00 in penalties, $5,000.00 in attorney’s fees, and $200.00 in court costs. That judgment was satisfied in December 1995.
Thereafter, on January 30, 1996, claimant filed a another motion to make past due installments executory and to accelerate future installments alleging that no benefits had been paid after November 22, 1995. A hearing on claimant’s motion was set for April 15,1996. Prior to the hearing claimant filed a motion to modify her disability status from one of temporary, total to that of permanent, total disability. At the close of the April 15, 1996 hearing, the workers’ compensation judge held the case open pending the results of an independent medical examination. Prior to the final hearing on September 26, 1996, Ms. Jones underwent an MRI and an independent medical examination.
At the September hearing, the workers’ compensation judge found the claimant to be permanently and totally disabled and the de *907 fendant to be arbitrary, capricious, unreasonable and willful in its handling of Ms. Jones’ claim and thus subject to | -¡acceleration. She therefore found in favor of claimant on all issues and ordered defendant to pay $7,500.00 in attorney’s fees, $3,000.00 in penalties plus interest and all reasonable medical expenses. She also ordered “... all weekly disability benefits in the amount of $74.00 per week for the remainder of plaintiffs life expectancy, 27.4 years, be made executory and due for the whole amount, together -with legal interest from the date of judgment, September 26, 1996, until paid.” Costs, including expert fees, were also assessed against defendant. Defendant now appeals.
LAW AND DISCUSSION
Defendant appeals the judgment of the workers’ compensation judge arguing that she erred in finding the claimant permanently, totally disabled, in accelerating her benefits, and in casting appellant for costs and attorney’s fees.
In Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52, 55 (La.1993), the Louisiana Supreme Court stated the following:
It is well established that the workers’ compensation act is remedial in nature. In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee. Breaux v. Travelers Ins. Co., 526 So.2d 284 (La. App. 3rd Cir.1988). Provisions of the worker’s compensation law should be liberally construed in favor of the claimant. Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985); Hill v. L.J. Earnest, Inc., 568 So.2d 146 (La.App. 2d Cir.1990), writ denied, 571 So.2d 652 (La.1990).
The law applicable to the determination of permanent total disability is contained in La. R.S. 23:1221(2) which states, in pertinent part, as follows:
(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.
[[Image here]]
14(c) For purposes of Subparagraph (2) (a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Sub-paragraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment of self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
The record shows that Ms. Jones injured her lower back in the course and scope of her employment. She underwent a lumbar laminectomy and diskectomy in June of 1995, and still experiences severe, limiting back pain. Ms. Jones cannot stand for more than a few minutes or sit for more than about thirty minutes without experiencing debilitating pain. Her treating physician restricts her lifting to five pounds, occasionally, and not more than ten pounds under any circumstances. She is also limited in bending and stooping. Ms. Jones testified that although she finished the eighth grade, she cannot read a newspaper or fill out a job application. She claims to be able to do some addition and subtraction, but denies that she can either multiply or divide. She has no trade or special job skills and, according to Dr. Richard Galloway, the head of the Vocational Rehabilitation Department at Northwestern State University, considering her age, physical status, and academic achievement, vocational rehabilitation for her would be futile. Dr. Galloway testified that there were no jobs that he expected Ms. Jones could perform. This is consistent with the opinion of Dr. Rambach, her treating *908 physician. He stated that she probably has scar tissue at the site of her surgery and, that if that was the case, another surgery would only make things worse. The tests undergone by Ms. Jones between the April and September hearings confirmed Dr. Ram-bach’s suspicions. Dr. J.E. Smith, who conducted an independent | ¡¡medical examination of Ms. Jones during this same period, found that she had a “... markedly degenerative disk at L5/S1 with virtually no space remaining in osteophyte formation.” He stated that in his opinion, because any operation on such a condition is largely ineffective and many times makes thing worse, “[t]hat [it] is probably worse than a herniated disk.” Dr. Smith further testified that he was of the opinion that she “... could not do any, ... or very minimal bending, stooping, and lifting.”
Considering the testimony of the three experts and that of Ms. Jones and the evidence introduced, we cannot say that the workers’ compensation judge was clearly wrong in adjudicating Ms. Jones to be totally and permanently disabled.
Defendant also argues that the workers’ compensation judge erred in accelerating Ms. Jones’ benefits. Acceleration is governed by La.R.S. 23:1333 and the cases interpreting same. La.R.S. 23:1333 states:
If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately become due and exigible and the award shall become execu-tory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
Defendant does not argue that it did not fail to pay six consecutive installments as they came due, or that future awards are yet unpaid, or that claimant is adequately covered by insurance and is receiving payment thereunder, rather defendant claims that, as in Clary v. Nabors-Sun Drilling & Operating Co., Inc., 417 So.2d 119 (La.App. 3 Cir.); writ denied, 420 So.2d 457 (La.1982), its failure to pay Ms. Jones her benefits when due was nothing more than a “clerical error,” and that her file had merely “slipped through the cracks.” Mr. B.B. Martin testified for defendant. He stated that the person who had been handling Ms. Jones case, Todd Tauzin, defendant’s |6Human Resource Director, at the home office in Metairie, left the company in December 1995. He didn’t know who took over handling Ms. Jones’ claim at that time, but in the last week, he had been assigned that task. Mr. Martin stated that he did not have the file with him and that he had not reviewed the file since it had been assigned to him. Considering this testimony and the record of repeated non-payment in the past which resulted in the assessment of penalties and attorney’s fees, we find appellants’ reliance on Clary misplaced. We find the case sub judice more analogous to the case in Lytell v. Strickland Transportation Co., Inc., 373 So.2d 138, 144 (La.1979), wherein our supreme court made the following point very clear:
The statutory penalty was not intended to permit an employer-who has previously willfully refused to pay compensation awarded by an executory judgment, despite demand, for at least six successive weeks-so to escape the penalty’s application. To so excuse the employer’s willful failure to pay a disabled employee weekly compensation previously ordered by an ex-ecutory judgment-would contrary to the statutory intention of providing a substantial penalty for such conduct-merely permit a recalcitrant employer periodically to withhold payment of weekly compensation until a penalty-rule was filed, and then escape the intended penalty by bringing compensation up to date each time a rule to invoke the penalty is filed by the unpaid disabled workman.
We therefore find the acceleration of benefits was well founded. Defendant also questions the length of the workers’ compensation judge’s award to claimant. La.R.S. 23:1221(2)(a) tells us that disability benefits for someone who is permanently, totally disabled shall be paid “... sixty-six and two-thirds percent of wages during the period of such disability ” (emphasis ours). The legis *909 lature did not place a limit on said “period of disability.” The testimony and evidence established that Ms. Jones is totally and permanently disabled and will remain so for the rest of her life. Dr. Galloway calculated her life expectancy to be 27.8 years. The workers’ compensation judge accelerated claimant’s award for 27.4 years (1424.8 weeks) (0.4 of a year passed ^between Dr. Galloway’s testimony and the rendition of judgment), a finite period of time. This is clearly distinguishable from those cases where no specified period of time was set out in the judgment. See Briscoe v. Jerry’s Furniture Mart, Inc., 96-139, 96-70 (La.App. 3 Cir. 6/19/96); 676 So.2d 764, writ denied, 96-2225 (La. 11/15/96); 682 So.2d 770; Eglin v. United Gas Pipeline, 95-721 (La.App. 3 Cir. 1/24/96); 670 So.2d 250; and Hughes v. Royal Globe Insurance Co., 496 So.2d 1241 (La. App. 5 Cir.); writ denied, 497 So.2d 1388 (La.1986). We find no clear error in this award.
Finally, the appellant questions the $7,500.00 in attorney’s fees awarded by the workers’ compensation judge. Before making the $7,500.00 award, the workers’ compensation judge stated the following:
[As to] [attorneys fees. Mr. Tynan argues that it should be $500.00, and Mr. Flournoy would like to collect $10,000.00. I would say we’re off by a hair there.
Now, I’ll tell you what I did, and I don’t know ... I read all the factors. I know the Code of Professional Conduct, and I know it’s based on hours. I know it’s based on experience and what you do. I also have to take into account the nature of the disputes. I have to consider the energy that’s required to put into it [sic], the risk of winning, the risk of losing, why people choose to represent Workers’ Comp. Claimants getting $70.00 a week when they may be limited and restricted to a 10 percent recovery. So part of my consideration is to make sure and assure that everybody has fair representation here.
In addition, I know that if Mr. Flournoy were to lump sum settle this case, he would get 20 percent and 10 percent. You carry this out about 30 years, her collection would be, oh, somewhere around a hundred, a hundred and twenty-five thousand dollars; in which case, his fee would be about twelve thousand, maybe fifteen thousand dollars.
I have to take into account, on the other hand, Mr. Flournoy has been collecting Attorney’s fees off of four prior consent judgments. So I somewhat reduce [sic] the amount that he might get by lump sum, and then I considered what he’s already received. I consider [sic] his experience, the complexity of the ease, the difficulty in handling these issues, and I will award Attorney’s fees in the amount of $7,500.00 (emphasis ours).
While a worker’s ability to hire counsel is not a listed factor in setting attorney’s fees, we find it a valid consideration in workers’ compensation eases. The injured worker |8would effectively be denied the protection offered by the workers’ compensation statutes if he or she was unable to find an attorney to represent his or her interests.
Accordingly, for the reasons stated above the judgment of the workers’ compensation judge is affirmed. Ml costs of this appeal are cast against appellant, Evangeline of Natchitoches, Inc. d/b/a/ Riverside Nursing Home.
AFFIRMED.